UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REYNALDO MARTINEZ JIMENEZ,

      *Petitioner,*

v.                            Case No. 3:26-cv-1521-JEP-LLL

WARDEN, FLORIDA BAKER
CORRECTIONAL INSTITUTION,
et al.,

      *Respondents.*

_____/

## **ORDER**

Petitioner, a detainee of the United States Immigration and Customs

Enforcement ("ICE"), filed a pro se petition for a writ of habeas corpus under

28 U.S.C. § 2241, seeking, among other relief, an order directing Respondents

to provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a). (*See* Doc. 1

at 5).[1] Petitioner is a citizen of Cuba who entered the United States on

---

[1] At the time Petitioner filed this case, he was housed at Baker Correctional Institute in Sanderson, Florida. (Doc. 1 at 1). According to ICE's website, he is currently housed at a detention facility in Louisiana. *See* Online Detainee Locator System, ICE, available at https://locator.ice.gov/odls/#/search (last visited July 27, 2026). Because Petitioner was detained within the Middle District of Florida when he filed this case, this Court retains jurisdiction despite his transfer. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."); *see, e.g., Elcock v. Streiff*, 554 F. Supp. 2d 1279, 1282 (S.D. Ala. 2008) ("[J]urisdiction attaches upon the

December 24, 2023; he was processed by immigration authorities and paroled into the United States; and on May 17, 2026, ICE re-detained him following a traffic stop. (*See id.* at 2–3). He contends, among other things, that his mandatory detention without an individualized bond hearing violates the Immigration and Nationality Act ("INA"). (*See id.* at 5). At the heart of this case is whether Petitioner's detention is governed by 8 U.S.C. § 1226(a) or § 1225(b)(2)(A). (*See id.* at 4–5; *see also* Doc. 7).

This Court previously addressed claims and arguments similar to those raised in this case, concluding that the Court has jurisdiction, but the relevant statutory language and context support the Federal Respondents' position that an alien without lawful admission who has resided in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Diaz Lopez v. Dir. of Enf't of Removal Operations*, 817 F. Supp. 3d 1260 (M.D. Fla. 2026); *see also Lozano Sousa v. Ripa*, No. 3:25-cv-1617-JEP-PDB, 2026 WL 958794 (M.D. Fla. Mar. 27, 2026). However, on May 6, 2026, the Eleventh Circuit Court of Appeals took the opposite approach on the substantive issue under the Immigration and Nationality Act, concluding that "§ 1225 applies to arriving aliens seeking entry at the border,

---

initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian. . . . [I]f a § 2241 petition must be transferred every time the petitioner is transferred, it is doubtful that the case would ever be decided.").

whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026).[2] While the opinion did not specifically address the circumstance of an individual, like Petitioner, who had been initially paroled into the country, the reasoning of the opinion is equally applicable to Petitioner. Petitioner was detained within the interior of the United States—not at the border. *See id.* at 1286. (recognizing "the longstanding border-interior distinction for purposes of [immigration] detention"). And he was not "seeking lawful entry after inspection and authorization by an immigration officer"—indeed, he was "not applying for entry in any literal sense when [he was] detained." *Id.* at 1269 (some internal quotation marks omitted).

In their response, the Federal Respondents argue that upon expiration of parole, Petitioner became subject to mandatory detention pursuant to section 1225(b)(2)(A). (*See* Doc. 6 at 3–4). Specifically, they point to a regulation that defines "[a]rriving alien" as "an applicant for admission coming or

---

[2] Although the mandate has not yet issued, the Eleventh Circuit's published opinion has immediate precedential effect. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

attempting to come into the United States at a port-of-entry" and further expounds that "[a]n arriving alien remains an arriving alien even if paroled pursuant to [8 U.S.C. § 1182(d)(5)], and even after any such parole is terminated or revoked." 8 C.F.R. § 1.2; (Doc. 6 at 3–4). Section 1225(b)(2)(A) does not contain the term "arriving alien," but rather "alien *seeking admission*." § 1225(b)(2)(A) (emphasis added). Instead, section 1225 provides that "an alien . . . who arrives in the United States . . . shall be deemed for purposes of this chapter an *applicant for admission*." § 1225(a)(1) (emphasis added). Given the Eleventh Circuit's holding in *Hernandez Alvarez* that mandatory detention applies only to those "seeking admission" to the United States—a "narrower category of applicants for admission," 175 F.4th at 1276— the Federal Respondents fail to explain how Petitioner is an "alien seeking admission" within the meaning of section 1225(b)(2)(A), (*see* Doc. 6 at 3–4).

In addition, the Federal Respondents argue that "[Petitioner]'s parole at a port of entry allowed his otherwise mandatory § 1225(b)(2)(A) detention to be suspended, subject, however, to the government's right to treat him 'as if stopped at the border.'" (Doc. 6 at 4) (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020)). But *Thuraissigiam* mentions only the detention status of aliens on parole, not post-termination of parole. *See* 591 U.S. at 139. And the district court case the Federal Respondents cite to support their argument carries little persuasive value in light of *Hernandez Alvarez*: it

4

predates the Eleventh Circuit's decision and is an out-of-circuit case. (Doc. 6 at 4); *see Chanaguano Caiza v. Scott*, No. 1:25-cv-00500-JAW, 2025 WL 3013081, at *6 (D. Me. Oct. 28, 2025). Accordingly, the *ratio decidendi* of *Hernandez Alvarez* applies in this case, and the Court is bound by it. (*See* Doc. 6 at 4–5).

The Federal Respondents also argue that Petitioner failed to exhaust his administrative remedies because he has not requested a bond redetermination hearing before an immigration judge. (*See* Doc. 6 at 5–7). Notably, however, the Federal Respondents classify Petitioner as an "arriving alien" and certify that he is being mandatorily detained under 8 U.S.C. § 1225(b)(2)(A). (Doc. 6 at 2). They further acknowledge that immigration judges do not have jurisdiction to revisit ICE's initial custody determinations for "arriving aliens," "including previously paroled aliens." (*Id.* at 4 n.1 (citing 8 C.F.R. § 1003.19(h)(2)(i)(B))). Thus, even if Petitioner sought a bond redetermination hearing, an immigration judge likely would deny the request for lack of jurisdiction based on the Federal Respondents' classification of Petitioner. Therefore, based on the facts of this case, the Court rejects the Federal Respondents' exhaustion argument.[3] *See generally McCarthy v. Madigan*, 503

---

[3] The case the Federal Respondents rely upon is factually distinguishable. (Doc. 6 at 7 (citing *Ordonez v. Warden, Fla. Baker Corr. Inst.*, No. 3:26-CV-1447-MMH-MCR, 2026 WL 1784778, at *1 (M.D. Fla. June 22, 2026))). In *Ordonez*, the government conceded that the petitioner was entitled to a bond hearing and certified that he was being detained under 8 U.S.C. § 1226(a). *See Ordonez*, 2026 WL 1784778, at *1; (Doc. 7 at 3, Case No. 3:26-cv-1447). Thus, requiring the petitioner to first exhaust his administrative remedies in that case was not futile because the

U.S. 140, 148 (1992) (recognizing that a petitioner need not exhaust administrative remedies if "the administrative body is shown to be biased or has otherwise predetermined the issue before it").

Therefore, it is **ORDERED**:

1. The Clerk shall update Petitioner's address to Winn Correctional Center, 560 Gum Spring Road, Winnfield, LA 71483.

2. Given Petitioner's transfer to a detention facility in Louisiana, the Warden's motion to dismiss (Doc. 5) is **DENIED as moot**.

3. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's claim that his detention without an individualized bond hearing violates the INA.[4] Within **seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner. If Respondents release Petitioner, they shall provide Petitioner with access to a telephone to arrange transportation from the detention facility.

---

government conceded that he was entitled to a bond hearing under binding Eleventh Circuit precedent.

[4] Because the Court grants relief on this claim, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

4.  The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on July 27, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record